THOMAS E. MONTGOMERY, County Counsel
County of San Diego
By RICKY R. SANCHEZ, Senior Deputy (SBN 107559)
   MELISSA M. HOLMES, Senior Deputy (SBN 220961)
   FERNANDO KISH, Senior Deputy (SBN 236961)
   ROBERT A. ORTIZ, Senior Deputy (SBN 246849)
1600 Pacific Highway, Room 355
San Diego, California 92101-2469
Telephone: (619) 531- 4860

Attorneys for Defendant County of San Diego

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASSIDY NeSMITH, individually and as Guardian ad Litem on behalf of SKYLER KRISTOPHER SCOTT NeSMITH, and as Successor in Interest to THE ESTATE OF KRISTOPHER SCOTT NeSMITH,<br><br>    Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, SAN DIEGO COUNTY SHERIFF'S DEPARTMENT; WILLIAM D. GORE, SAN DIEGO COUNTY SHERIFF; VISTA DETENTION FACILITY; and DOES 1 – 100 inclusive,<br><br>    Defendants. | No. 15cv00629-JLS (AGS)<br><br>DEFENDANT'S OPPOSITION TO PLAINTIFFS' *EX PARTE* MOTION TO CONTINUE EXPERT DEADLINES [Doc. No. 52] |

Defendant, the County of San Diego, hereby submits its opposition to Plaintiff's motion to extend the time for expert discovery.

On May 5, 2017, the parties participated in a Case Management Conference and the Court set the discovery deadlines in the case, including the deadline for expert discovery. [Doc. No. 40.] At the Conference, the discovery deadlines, and the need to adhere to those deadlines, were discussed at length. The County has relied on those deadlines and structured its defense and retention of experts in order to adhere and comply with those deadlines. Even though the deadline for expert discovery has been in

place for over seven months, Plaintiffs waited until December 5, 2017, a little over two weeks before expert disclosures and reports were due to bring the ex parte request. Plaintiffs have not even served a deposition notice for the Rule 30 deposition testimony their expert allegedly requires. Nor have Plaintiffs set forth a good faith basis as to why they have delayed in propounding discovery or seeking the instant extension.

The County respectfully requests that the Court deny the motion to extend the deadline because Plaintiffs have failed to meet their burden of showing diligence and the County would be prejudiced if the deadline is extended.

*Plaintiffs Have Not Been Diligent in Seeking Discovery and There is Not Good Cause to Grant the Last Minute Request to Extend the Deadline*

Plaintiffs contend that they require "imperative rule 30 witnesses" before they can comply with the expert witness discovery deadlines. [Doc. No. 52-1, Motion to Extend at 4:5 – 7.] Plaintiffs aver that their expert, "Dr. Daniel", has advised them that "if he were to provide opinions in this matter by the current designation date (December 22, 2017), he would be doing so without necessary testimony to support his opinions." [Doc. No. 52-2, Declaration of Daniel Pena at 2:16 – 19.] Plaintiffs argue that their "experts require Rule 30 testimony regarding the [C]ounty's previous in-custody suicides and changes to the suicide policy since 2012. Without this information, which provides the support for his opinions, Plaintiffs' suicide expert, Dr. Daniel, cannot comprehensively opine in this matter." [Doc. No. 52-1, Motion to Extend at 4:7 – 11.]

*Rule 30 Depositions Notices Do Not Address Discovery Expert Allegedly Requires*

Plaintiffs have failed to diligently seek Rule 30 witness testimony.  Plaintiffs waited to serve their Rule 30 deposition notice until October 23, 2017 (over five months after discovery opened), and set the Rule 30 depositions for December 6, 2017 (a little over two weeks before expert reports were due). The notice sought testimony regarding the following categories:

1. "NeSmith's hanging on the morning of March 1, 2014, including the deputies on shift that morning and those working the previous shift that were responsible

2

No. 15cv0629-JLS (AGS)

for making rounds in upper west module 1 on the night of February 28, 2014 through the morning of March 1, 2014." And

2. "NeSmith's psychiatric complaints, treatment, diagnosis, and medication (and compliance thereon)."

The categories of testimony sought do not involve Plaintiffs' *Canton* claims (i.e. whether there was a pattern of constitutional violations that should have put the County on notice that its policy was allegedly deficient). More importantly, the Rule 30 deposition notice does not seeks the testimony or evidence Plaintiffs' expert witness allegedly requires to provide his opinion – the County's "previous in-custody suicides and changes to the suicide policy since 2012." [Doc. No. 52-1, Motion to Extend at 4:7 – 9.]

To date, Plaintiff has not served a Rule 30 deposition notice seeking discovery regarding the County's suicide policies or previous in-custody suicides. In their moving papers, they set forth their *intention* to conduct such a deposition [Doc. No. 52-1 at 5:25 – 27]. Plaintiffs do not explain why they have delayed in conducting such necessary discovery. (Plaintiffs' complaints refer to other in-custody suicides so Plaintiffs cannot allege they were unaware of those events and the *Canton* issue was briefed extensively during the motions to dismiss and motion for reconsideration.) As acknowledged in Plaintiffs' motion, lack of diligence of the moving party prohibits modification of a scheduling order. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("If [moving] party was not diligent, the inquiry should end.")

The discovery Plaintiffs contend they need for their expert to opine in the matter has not even been propounded. As such, Plaintiffs' claim that the County's objections to Plaintiffs' Rule 30 Deposition Notice warrants an extension is without merit. *Lacy v. Am. Biltrite, Inc.*,, No. 10CV0830 JM RBB, 2012 WL 909309, at *7 (S.D. Cal. Mar. 16, 2012)  (unrelated discovery issues do not support extension of scheduling deadlines).

### *The County's Response to the Rule 30 Deposition Notice was Appropriate*

Plaintiffs' Rule 30 Deposition notice was served on October 23, 2017, by mail. On November 2, 2017, defense counsel wrote to Plaintiffs' counsel and stated that the parties

needed to meet and confer regarding the notice and suggested a date to meet and confer regarding the categories of testimony.  On November 20, 2017, the County issued an objection to the categories of testimony.  On December 4, 2017, defense counsel again reached out requesting that Plaintiffs meet and confer regarding the categories of witnesses.  On December 6, 2017, the parties finally met and conferred regarding the categories.  The County agreed to provide a written response identifying the deputies who made the rounds and to provide a witness to testify on December 11, 2017 as to decedent's psychiatric complaints and the medical care provided in the jail.

***Reference to the Re-Bates Stamping of Defendant's Responsive Documents is a "Red Herring" Because it Has No Bearing on Plaintiffs' Request for an Extension***

The parties met and conferred regarding the definition of a category of documents propounded by Plaintiffs.  The County eventually produced over 2,600 pages of medical records (after being provided a two-week extension) because Plaintiffs were unwilling to narrow their definition of "attempted suicides."  Based on the broad category of requested materials, the responsive documents included all reported events where an inmate harmed themselves (including self-mutilation and drug seeking behavior) during the relevant period.

Defendant produced the approximately 2,600 pages of documents on October 30, 2017.  On November 21, 2017, Plaintiffs' counsel wrote stating she had "not had a meaningful opportunity to thoroughly review the 2,600 documents produced" and requested an extension for the deadline to file a motion to compel.  Contrary to Plaintiffs' allegations in their motion, Plaintiffs did not notify the County that there was an issue with the Bates Numbering of the production until *November 30, 2017*.  (The County's original production on October 30, 2017 was complete – however, some of the documents on the disc produced were not Bates Stamped and there were *additional* documents produced that were outside of the scope of time requested in Plaintiffs' document request.)  The following day, on *December 1, 2017 at 5:15 p.m.*, the County served a new disc that corrected the Bates Stamping of the documents.  There were no

new documents in the second production – the first production was not missing documents. (The County is willing to lodge copies of the two discs for comparison should the Court desire.)

As was the case with the production of the documents regarding other self-harming events, Plaintiffs again fail to set forth why they waited until a little over two weeks before the expert discovery deadlines to alert the Court that their experts would not be able to review the documents.

### *The County Would be Prejudiced if the Expert Discovery Deadlines Are Extended*

The County has tailored its defense to Plaintiffs' claims and limited its retention of experts to those who were able to work within time restraints established by the Court in the Scheduling Order. By the time Plaintiffs raised the issue of seeking to extend the expert discovery deadlines, the County had already expended significant resources ensuring their experts had completed their analyses and have been finalizing their reports based on the discovery proposed to date.

### *The Requested Extension Would Threaten Other Case Deadlines*

The delay of expert discovery deadlines to February 23, 2018, as requested, would necessitate an extension of the February 14, 2018 pretrial motions deadline since *Daubert* motions would be due on that date. [Doc. No. 40 at 3:9.]

Accordingly, the County respectfully requests that the Court deny Plaintiffs' motion to extend time.

DATED: December 8, 2017              THOMAS E. MONTGOMERY, County Counsel

By: /s/MELISSA M. HOLMES, Senior Deputy
Attorneys for Defendant County of San Diego