1    THOMAS E. MONTGOMERY, County Counsel
County of San Diego
2    By RICKY R. SANCHEZ, Senior Deputy (SBN 107559)
     MELISSA M. HOLMES, Senior Deputy (SBN 220961)
3      FERNANDO KISH, Senior Deputy (SBN 236961)
1600 Pacific Highway, Room 355
4    San Diego, California 92101-2469
Telephone: (619) 531- 4874
5    E-mail: ricky.sanchez@sdcounty.ca.gov

6    Attorneys for Defendant County of San Diego

7

8            **IN THE UNITED STATES DISTRICT COURT**

           **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

9

10

11    CHASSIDY NeSMITH, individually and as    )    No. 15cv0629-JLS (AGS)
Guardian ad Litem on behalf of SKYLER    )
12    KRISTOPHER SCOTT NeSMITH, and as    )    NOTICE OF LODGMENT IN SUPPORT
Successor in Interest to THE ESTATE OF    )    OF MOTION TO COMPEL THIRD
13    KRISTOPHER SCOTT NeSMITH,    )    PARTY WITNESS KELLY DAVIS TO
                             )    APPEAR FOR DEPOSITION AND
14        Plaintiffs,    )    PRODUCE THE REQUESTED
                             )    DOCUMENTS IN COMPLIANCE WITH
15        v.    )    SUBPOENAS
                             )
16    COUNTY OF SAN DIEGO, SAN DIEGO    )    Date: February 2, 2018
COUNTY SHERIFF'S DEPARTMENT;    )    Time: 4:00 p.m.
17    WILLIAM D. GORE, SAN DIEGO    )    Courtroom: Suite 5160
COUNTY SHERIFF; VISTA DETENTION    )    Hon. Andrew G. Schopler, U.S. Magistrate
18    FACILITY; and DOES 1 – 100 inclusive,    )    Judge
                             )
19        Defendants.    )    NO ORAL ARGUMENT UNLESS
                             )    REQUESTED BY COURT
20

21        PLEASE TAKE NOTICE that Defendant County of San Diego hereby lodges the

22    following exhibits in support of their motion to compel:

23    Exhibit A – subpoenas and notices for Kelly Lynn Davis' deposition and request for

24            documents;

25    Exhibit B – proof of service by process server for subpoenas and notices to Davis;

26    Exhibit C – objection to subpoenas by Davis;

27    Exhibit D –December 4, 2017 letter from Counsel for Davis, Guylyn Cummins, to Senior

28            Deputy County Counsel Melissa Holmes;

1   Exhibit E –December 6, 2017 letter from Senior Deputy County Counsel Melissa Holmes

2          to Davis' counsel, to Guylyn Cummins and Matthew Halgren;

3   Exhibit F – County of San Diego's [Proposed] Order and Stipulation, /s/ *redacted*;

4   Exhibit G –December 14, 2017 email correspondence from Senior Deputy County

5          Counsel Melissa Holmes to Guylyn Cummins and Matthew Halgren;

6   Exhibit H –December 19, 2017 letter from Guylyn Cummins to Senior Deputy County

7          Counsel Melissa Holmes; and

8   Exhibit I – Plaintiffs' [Proposed] Order and Stipulation enclosed with December 19, 2017

9          letter to Senior Deputy Melissa Holmes, /s/ *redacted*.

10   DATED: January 3, 2018          THOMAS E. MONTGOMERY, County Counsel

11                         By: s/MELISSA M. HOLMES, Senior Deputy

12                         Attorneys for Defendant County of San Diego

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

No. 15cv0629-JLS (AGS)

# EXHIBIT "A"

AO 88A (Rev 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of California

| | |
|---|---|
| CHASSIDY NESMITH, ET AL. | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   15-cv-00629-JLS-AGS |
| COUNTY OF SAN DIEGO, ET AL. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                    KELLY LYNN DAVIS

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | Office of County Counsel<br>1600 Pacific Highway, Room 355<br>San Diego, CA 92101 | Date and Time:<br>12/11/2017 10:00 am |
|---|---|---|
| | The deposition will be recorded by this method: | Stenographically and Video |

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    11/09/2017

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
County of San Diego                                    , who issues or requests this subpoena, are:

Melissa M. Holmes, Esq., (SBN 220961), Office of County Counsel, 1600 Pacific Highway, Rm 355, San Diego, CA 92101; (619) 531-5279; melissa.holmes@sdcounty.ca.gov

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

EXHIBIT A

AO 88A  (Rev  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   15-cv-00629-JLS-AGS

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

     I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

     ☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

     ☐ I returned the subpoena unexecuted because: _____

_____ .

     Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

     $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

     I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

EXHIBIT A

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

EXHIBIT A

THOMAS E. MONTGOMERY, County Counsel
County of San Diego
By RICKY R. SANCHEZ, Senior Deputy (SBN 107559)
    MELISSA M. HOLMES, Senior Deputy (SBN 220961)
    ROBERT A. ORTIZ, Senior Deputy (SBN 246849)
1600 Pacific Highway, Room 355
San Diego, California 92101-2469
Telephone: (619) 531- 4874
E-mail: ricky.sanchez@sdcounty.ca.gov

Attorneys for Defendant County of San Diego

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASSIDY NeSMITH, individually and as Guardian ad Litem on behalf of SKYLER KRISTOPHER SCOTT NeSMITH, and as Successor in Interest to THE ESTATE OF KRISTOPHER SCOTT NeSMITH, | No. 15-cv-00629-JLS (AGS) |
| | **NOTICE OF DEPOSITION OF KELLY LYNN DAVIS** |
| Plaintiffs, | |
| v. | Date: December 11, 2017 |
| | Time: 10:00 a.m. |
| COUNTY OF SAN DIEGO, SAN DIEGO COUNTY SHERIFF'S DEPARTMENT; WILLIAM D. GORE, SAN DIEGO COUNTY SHERIFF; VISTA DETENTION FACILITY; and DOES 1 – 100 inclusive, | Place: Office of County Counsel 1600 Pacific Highway, Room 355 San Diego, CA 92101 |
| Defendants. | |

PLEASE TAKE NOTICE that pursuant to Federal Rules of Civil Procedure, Rule 30 and Rule 45, Defendant County of San Diego ("Defendant") will take the deposition of Kelly Lynn Davis ("Deponent"), on Monday, December 11, 2017, at 10:00 a.m., at Office of County Counsel, 1600 Pacific Highway, Room 355, San Diego, CA 92101.

Deponent is not a party to this action. Said deposition will be taken before a deposition officer who is authorized to administer an oath. If the deposition is not completed on the date set out above, the taking of the deposition will be continued from day to day thereafter, excluding Sundays and holidays, at the same place until completed.

EXHIBIT A

1    Notice is further given that if an interpreter is required to translate testimony,

2 notice of the required language and dialect must be provided to Defendant at least five

3 working days prior to the date of the scheduled deposition.

4    Pursuant to Federal Rules of Civil Procedure, Rule 30(b)(3)(A), Defendant

5 reserves the right, and intends to videotape the deposition in addition to recording the

6 testimony by stenographic method before a certified court reporter present at said time

7 and place. Defendant also reserves the right to introduce and use the videotape at the time

8 of trial.

9 DATED: November 9, 2017    THOMAS E. MONTGOMERY, County Counsel

10

11    By: /s/MELISSA M. HOLMES, Senior Deputy
      Attorneys for Defendant County of San Diego

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -

Notice of Deposition of Kelly Lynn Davis
*NeSmith v. County of San Diego, et al.* | Case No. 15-cv-00629-JLS (AGS)
EXHIBIT A

AO 88A  (Rev  02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of California

| | |
|---|---|
| CHASSIDY NESMITH, ET AL. | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.    15-cv-00629-JLS-AGS |
| COUNTY OF SAN DIEGO, ET AL. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                          KELLY LYNN DAVIS

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | Office of County Counsel<br>1600 Pacific Highway, Room 355<br>San Diego, CA 92101 | Date and Time:<br>12/11/2017 10:00 am |
|---|---|---|

The deposition will be recorded by this method:     Stenographically and Video

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See attached Notice of Deposition of Kelly Lynn Davis and Request for Production of Documents

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    11/09/2017

CLERK OF COURT

OR

_____       _____
      *Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
County of San Diego                               , who issues or requests this subpoena, are:

Melissa M. Holmes, Esq., (SBN 220961), Office of County Counsel, 1600 Pacific Highway, Rm 355, San Diego, CA
92101; (619) 531-5279; melissa.holmes@sdcounty.ca.gov

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

EXHIBIT A

AO 88A  (Rev  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  15-cv-00629-JLS-AGS

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

□ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

□ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____   for travel and $ _____   for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

EXHIBIT A

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer, or
  (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A

1 | THOMAS E. MONTGOMERY, County Counsel
   | County of San Diego
2 | By RICKY R. SANCHEZ, Senior Deputy (SBN 107559)
   |    MELISSA M. HOLMES, Senior Deputy (SBN 220961)
3 |    ROBERT A. ORTIZ, Senior Deputy (SBN 246849)
   | 1600 Pacific Highway, Room 355
4 | San Diego, California 92101-2469
   | Telephone: (619) 531- 4874
5 | E-mail: ricky.sanchez@sdcounty.ca.gov

6 | Attorneys for Defendant County of San Diego

7

8 | IN THE UNITED STATES DISTRICT COURT

9 | FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

| | | |
|---|---|---|
| 11 | CHASSIDY NeSMITH, individually and as Guardian ad Litem on behalf of SKYLER | No. 15-cv-00629-JLS (AGS) |
| 12 | KRISTOPHER SCOTT NeSMITH, and as Successor in Interest to THE ESTATE OF | **NOTICE OF DEPOSITION OF KELLY LYNN DAVIS AND** |
| 13 | KRISTOPHER SCOTT NeSMITH, | **REQUEST FOR PRODUCTION OF DOCUMENTS** |
| 14 | Plaintiffs, | |
| 15 | v. | Date: December 11, 2017 |
| 16 | COUNTY OF SAN DIEGO, SAN DIEGO | Time: 10:00 a.m. |
|    | COUNTY SHERIFF'S DEPARTMENT; | Place: Office of County Counsel |
| 17 | WILLIAM D. GORE, SAN DIEGO | 1600 Pacific Highway, Room 355 |
|    | COUNTY SHERIFF; VISTA DETENTION | San Diego, CA 92101 |
| 18 | FACILITY; and DOES 1 – 100 inclusive, | |
| 19 | Defendants. | |

20

21 |     PLEASE TAKE NOTICE that pursuant to Federal Rules of Civil Procedure, Rule

22 | 30 and Rule 45, Defendant County of San Diego ("Defendant") will take the deposition

23 | of Kelly Lynn Davis ("Deponent"), on Monday, December 11, 2017, at 10:00 a.m., at

24 | Office of County Counsel, 1600 Pacific Highway, Room 355, San Diego, CA 92101.

25 | ///

26 | ///

27 | ///

28 | ///

EXHIBIT A

1   Deponent is not a party to this action.  Said deposition will be taken before a deposition

2   officer who is authorized to administer an oath.  If the deposition is not completed on the

3   date set out above, the taking of the deposition will be continued from day to day

4   thereafter, excluding Sundays and holidays, at the same place until completed.

5       Notice is further given that if an interpreter is required to translate testimony,

6   notice of the required language and dialect must be provided to Defendant at least five

7   working days prior to the date of the scheduled deposition.

8       Pursuant to Federal Rules of Civil Procedure, Rule 30(b)(3)(A), Defendant

9   reserves the right, and intends to videotape the deposition in addition to recording the

10  testimony by stenographic method before a certified court reporter present at said time

11  and place. Defendant also reserves the right to introduce and use the videotape at the time

12  of trial.

13      You are further notified that you are required to produce the following documents,

14  records, or other material, at said deposition:

15          1. Any and all documents, notes, and recordings, including in electronic

16             format, that you relied on when reporting and/or publishing that the

17             San Diego County's incarceration mortality rate "leads in California's

18             largest jails".

19          2. Any and all documents, notes, and recordings, including in electronic

20             format, that you relied on when reporting and/or publishing that the

21             County of San Diego jails had/has a "high suicide . . . rate []."

22          3. Any and all documents, notes, and recordings, including in electronic

23             format, that reflect communications from 2010 to present with anyone

24             from the law firm of Morris Law Firm, Apc, including but not limited

25             to Danielle R. Pena, Esq. and/or Christopher Morris, Esq. regarding

26             San Diego County jail mortality and suicide rates.

27  ///

28  ///

- 2 -

Notice of Deposition of Kelly Lynn Davis and Request for Production of Documents
*NeSmith v. County of San Diego, et al.* | Case No. 15-cv-00629-JLS (AGS)
EXHIBIT A

1        4. Any and all documents, notes, and recordings, including in electronic

2            format, that reflect communications from 2010 to present with anyone

3            from the law firm of Morris Law Firm, Apc, including but not limited

4            to Danielle R. Pena, Esq. and/or Christopher Morris, Esq. regarding

5            the attempted self-harming events/suicide/ attempted suicide[s]/deaths

6            of: Kristopher NeSmith; Jason Nishimoto; Jonathan Thomas;

7            Benedicto Lopez; and Heron Moriarty, as well as communications

8            with Richard Berumen.

9    DATED: November 9, 2017      THOMAS E. MONTGOMERY, County Counsel

10

11                         By: /s/MELISSA M. HOLMES, Senior Deputy
                           Attorneys for Defendant County of San Diego

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Notice of Deposition of Kelly Lynn Davis and Request for Production of Documents
*NeSmith v. County of San Diego, et al.* | Case No. 15-cv-00629-JLS (AGS)

EXHIBIT A

# EXHIBIT "B"

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):* | | TELEPHONE NO. | FOR COURT USE ONLY |
|---|---|---|---|
| **SAN DIEGO COUNTY COUNSEL** | | **(619) 531-4860** | |
| **MELISSA M. HOLMES, 220961** | | | |
| **1600 PACIFIC HIGHWAY, ROOM 355** | | | |
| **SAN DIEGO, CA 92101** | | | |
| ATTORNEY FOR *(Name):* | Ref. No. or File No. **15-90156** | | |

Insert name of court, judicial district or branch court, if any:

**UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT**
**333 WEST BROADWAY, SUITE 420**
**SAN DIEGO, CA 92101**

PLAINTIFF:

**CHASSIDY NESMITH, ET AL.**

DEFENDANT:

**COUNTY OF SAN DIEGO, ET AL.**

| **PROOF OF SERVICE** | DATE: | TIME: | DEPT/DIV: | CASE NUMBER: **15-CV-00629-JLS-AGS** |
|---|---|---|---|---|

# UNITED STATES DISTRICT COURT
## DECLARATION OF SERVICE

I, THE UNDERSIGNED, DECLARE UNDER PENALTY OF PERJURY THAT I WAS ON THE DATE HEREIN REFERRED TO OVER THE AGE OF 18 YEARS AND NOT A PARTY TO THE WITHIN ENTITLED ACTION. I SERVED THE:

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION; NOTICE OF DEPOSITION; SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION; NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION OF DOCUMENTS;**

ON: **KELLY LYNN DAVIS**

PHYSICAL DESCRIPTION:

| **Age: 30'S-40'S** | **Weight: 115-125** | **Hair: RED** |
|---|---|---|
| **Sex: female** | **Height: 5'3** | **Eyes: BLUE** |
| **Skin: CAUCASIAN** | | |

**Marks:**

IN THE ABOVE MENTIONED ACTION BY DELIVERING TO AND LEAVING WITH THE ABOVE NAMED PERSON A COPY THEREOF, AT:

**3548 FLORIDA STREET, UNIT #2**
**SAN DIEGO, CA 92104**

ON: November 15, 2017
AT: 01:37 pm

Witness Fees Tendered: .00

**Manner of service** in compliance with Federal Code of Civil Procedure.

Fee for Service: **127.85**
    County: **SAN DIEGO**
    Registration No.: **1863**
    Advanced Attorney Services, Inc.
    3500 Fifth Ave., Suite 202
    San Diego, CA 92103
    (619) 299-2012

I declare under penalty of perjury under the laws of the The State of California that the foregoing information contained in the return of service and statement of service fees is true and correct and that this declaration was executed on **November 16, 2017.**

Signature: _____

**AKIBA T. MINIEFEE**

# EXHIBIT "C"

1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
     A Limited Liability Partnership
2     Including Professional Corporations
   GUYLYN R. CUMMINS Cal. Bar No. 122445
3  501 West Broadway, 19th Floor
   San Diego, California 92101-3598
4  Telephone:    619.338.6500
   Facsimile:    619.234.3815
5  Email:    gcummins@sheppardmullin.com

6
   Attorneys for Non-Party Journalist
7  KELLY LYNN DAVIS

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10                                    Case No. 15-cv-00629-JLS-AGS

11 CHASSIDY NESMITH, ET AL.,         **OBJECTIONS TO SUBPOENA TO**
                                     **TESTIFY AT A DEPOSITION IN A**
12              Plaintiff,           **CIVIL ACTION AND REQUEST FOR**
                                     **PRODUCTION OF DOCUMENTS**
13       v.                          **FROM NON-PARTY JOURNALIST**
                                     **KELLY LYNN DAVIS**
14 COUNTY OF SAN DIEGO, ET AL.,

15              Defendant.           Date:    December 11, 2017
                                     Time:    10:00 .a.m.
16                                   Place:   Office of County Counsel
                                              1600 Pacific Highway, Room 355
17                                            San Diego, CA  92101

18

19

20

21

22

23

24

25

26

27

28

SMRH:484860737.1          EXHIBIT C
                 OBJECTIONS TO DEPO SUBPOENA TO TESTIFY AND PRODUCE DOCUMENTS

1    Journalist KELLY LYNN DAVIS (DAVIS) hereby objects to Petitioners'

2  subpoena for a deposition and production of records (the Subpoena), dated November 9,

3  2017, a true and correct copy of which is attached as exhibit 1, as follows:

4    1.    Pursuant to Article I, Section 2 of the California Constitution, the First

5  Amendment to the United States Constitution, California Evidence Code Section 1070,

6  California Code of Civil Procedure 1085, Federal Rule of Evidence 501, and the common

7  law, DAVIS is not required to testify to or produce information obtained in the course of

8  newsgathering in this civil case, and the Subpoena is therefore improper and objected to in

9  its entirety, and including each category set forth therein specifically. *Delaney v. Superior*

10  *Court*, 50 Cal. App. 3d 785 (Cal. Ct. App. 1990); *New York Times Co. v. Superior Court*

11  51 Cal. 3d 453 (Cal. 1990) (California's news shield law is absolute against compelled

12  disclosures in a civil lawsuit); U.S. Const. amend 1; *Shoen v. Shoen*, 48 F.3d 412, 414-15

13  (9th Cir. 1995); *Shoen v. Shoen*, 5 F.3d 1289 (9th Cir. 1993); *Farr v. Pitchess*, 522 F.2d

14  464, 467-68 (9th Cir. 1975) (discussing reporter shield law protections under the first

15  Amendment).

16    2.    The Subpoena subjects DAVIS to undue burden in light of the Subpoena's

17  return date and DAVIS's severe health issues.

18    3.    The Subpoena is vague and overbroad, and objected on these bases as well.

19    4.    DAVIS reserves all other objections.

20

21  Dated:  December 4, 2017

22              SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

23

24              By

25                  GUYLYN R. CUMMINS
                    Attorney for KELLY LYNN DAVIS
26

27

28

1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
     A Limited Liability Partnership
2     Including Professional Corporations
   GUYLYN R. CUMMINS Cal. Bar No. 122445
3  501 West Broadway, 19th Floor
   San Diego, California 92101-3598
4  Telephone:   619.338.6500
   Facsimile:    619.234.3815
5
6  Attorneys for Non-Party Journalist
   KELLY LYNN DAVIS
7
8              IN THE UNITED STATES DISTRICT COURT

9           FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10  CHASSIDY NESMITH, ET AL.,          Case No. 15-cv-00629-JLS-AGS

11                                     **PROOF OF SERVICE**
                Plaintiff,
12                                     Date:    December 11, 2017
        v.                             Time:    10:00 .a.m.
13                                     Place:   Office of County Counsel
   COUNTY OF SAN DIEGO, ET AL.,                 1600 Pacific Highway, Room 355
14                                              San Diego, CA 92101
                Defendant.
15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT C

SMRH:484867116.1                                          PROOF OF SERVICE

1    At the time of service, I was over 18 years of age and **not a party to this action**. I
2  am employed in the County of San Diego, State of California. My business address is 501
    West Broadway, 19th Floor, San Diego, CA 92101-3598.

3    On December 4, 2017, I served true copies of the following document(s) described
4  as

5  **12.04.17 LETTER TO OFFICE OF SAN DIEGO COUNTY COUNSEL**

6  **OBJECTIONS TO SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL
   ACTION AND REQUEST FOR PRODUCTION OF DOCUMENTS FROM NON-
   PARTY JOURNALIST KELLY LYNN DAVIS**
7
    on the interested parties in this action as follows:
8
   Melissa M. Holmes
9  Office of San Diego County Counsel
   1600 Pacific Highway, Room 355
10 San Diego, California 92101-2469
   (619) 531-4874
11 Attorneys for Defendant County of San Diego

12
   ☒    **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed
13        to the persons at the addresses listed in the Service List and placed the envelope for
          collection and mailing, following our ordinary business practices. I am readily
14        familiar with the firm's practice for collecting and processing correspondence for
          mailing. On the same day that correspondence is placed for collection and mailing,
15        it is deposited in the ordinary course of business with the United States Postal
          Service, in a sealed envelope with postage fully prepaid. I am a resident or
16        employed in the county where the mailing occurred.

17 ☒    **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the
          document(s) to be sent from e-mail address KParke@sheppardmullin.com to the
18        persons at the e-mail addresses listed in the Service List. I did not receive, within a
          reasonable time after the transmission, any electronic message or other indication
19        that the transmission was unsuccessful.

20
21   I declare under penalty of perjury under the laws of the United States of America
   that the foregoing is true and correct and that I am employed in the office of a member of
22 the bar of this Court at whose direction the service was made.

23   Executed on December 4, 2017, at San Diego, California.

24
25                                        Kimberly K. Parke, CCLS
26
27
28

                              EXHIBIT C                              PROOF OF SERVICE
SMRH:484867116.1

# EXHIBIT "D"

**Sheppard**Mullin

Sheppard Mullin Richter & Hampton LLP
501 West Broadway, 19th Floor
San Diego, CA 92101-3598
619.338.6500 main
619.234.3815 main fax
www.sheppardmullin.com

619.338.6645 direct
gcummins@sheppardmullin.com

December 4, 2016

File Number:  07ER-114470

**VIA E-MAIL AND U.S. MAIL**

Melissa M. Holmes
Office of San Diego County Counsel
1600 Pacific Highway, Room 355
San Diego, California 92101-2469
e-mail: melissa.holmes@ sdcounty.ca.gov

Re:   Subpoena to Journalist Kelly Lynn Davis
      U.S. District Court for the Southern District of California Case No.: 15-cv-00629-JLS
      (AGS)
      **Subpoena/Subpoena Duces Tecum**

Dear Counsel:

I and Matthew Halgren are counsel for journalist Kelly Davis with respect to the subpoena you served on her.  A copy of the subpoena is attached.  The purpose of this letter is to request that you withdraw the subpoena in light of the law set forth below regarding reporter shield law protections under California law and the First Amendment to the U.S. Constitution. All of *Davis' published information* is available from public websites, including that for the San Diego Union-Tribune.  Accordingly, this letter addresses any *unpublished information* sought by the subpoena gathered in the course of newsgathering and reporting activities.  If you wish to discuss the issues raised herein further, my cell phone is 619-990-0123.

1.   **California's Journalist Shield Law Protects Unpublished Information**

Article I, section 2, subdivisions (a) and (b) of California's Constitution allow journalists to refuse to testify about any unpublished information sought in civil cases. (*Delaney v. Superior Court*, 50 Cal. 3d 785 (1990); *New York Times Co. v. Superior Court*, 51 Cal. 3d 453 (1991), *Miller v. Superior Court* (1999) 21 Cal. 4th 883.)  In 1980, the people of California elevated this protection to an absolute constitutional immunity against compelled testimony from nonparty journalists ("Shield Immunity") in civil cases in article I, section 2(b) of California's Constitution. (*Id.*)  The Shield Immunity states in pertinent part:

> *A publisher, editor, reporter, or other person connected with or employed upon a newspaper*, magazine or other periodical

EXHIBIT D

# SheppardMullin

Melissa Holmes, Esq.
December 4, 2016
Page 2

> publication, ... shall not be adjudged in contempt by a judicial ...
> body ... for refusing to disclose the source of any information
> procured while so connected or employed for publication in a
> newspaper,... or for refusing to disclose any unpublished
> information obtained or prepared in gathering, receiving or
> processing of information for communication to the public.
>
> ...
>
> As used in this subdivision, *'unpublished information' includes
> information not disseminated to the public by the person
> from whom disclosure is sought, whether or not related
> information has been disseminated* and includes, but is not
> limited to, all notes, outtakes, photographs, tapes or other data of
> whatever sort not itself disseminated to the public through a
> medium of communication, whether or not published information
> based upon or related to such material has been disseminated.
> (Emphasis added.)

The legislative history behind the constitutional mandate of "shall not be adjudged in
contempt" makes clear that judges do not have the power to dilute this protection. (Cal. Const.
art. I, § 2.)  The Supreme Court, in ruling that the language of article I, section 2(b) is "clear and
unambiguous," stated:

> The language of article I, section 2(b) is clear and unambiguous
> .... The section states plainly that a newsperson shall not be
> adjudged in contempt for "refusing to disclose *any* unpublished
> information." (Italics added.) . . .  The use of the word "any"
> makes clear that article I, section 2(b) applies to all information,
> regardless of whether it was obtained in confidence. . . . In the
> context of article I, section 2(b), the word "any" means without limit
> and no matter what kind.

(*Delaney, supra,* 50 Cal. 3d at pp. 797-798 [with emphasis].)  The Court dismissed any
distinction between observations and other information:  "Information" includes "reception of
knowledge" and "knowledge obtained from reading, *observation* or instruction.  (*Id.,* citing
Webster's Dictionary.)  The Court concluded:

> As we have explained, article I, section 2(b) contains an
> unambiguous definition of "unpublished information." . . . It is
> bedrock law that if "the law-maker gives us an express definition,
> we must take it as we find it . . ." (Citation omitted.) . . . "[C]ourts,
> in construing the constitution, are bound to suppose that any
> inconveniences involved in the application of its provisions,
> according to their plain terms and import, were considered in its
> formation, and voluntarily accepted as less intolerable then those

# SheppardMullin

Melissa Holmes, Esq.
December 4, 2016
Page 3

> which are thereby avoided, or as fully compensated by
> countervailing advantages." (Citation omitted.)

(*Id.* at p. 814.)

The case of *In re Jack Howard*, 136 Cal. App. 2d 816 (1955) (interpreting the statutory predecessor to article I, section 2(b) of California's Constitution) demonstrates the far-reaching contours of the Supreme Court's mandate that journalists not be compelled to testify to any unpublished information. In *In re Jack Howard, supra,* the court held that, even where a news article contains quoted statements of an identified individual, it cannot be assumed that the use of quotation marks means the statement attributed to the source in the newspaper was actually made by the source to the newsreporter. *Id.* at 818-819. Rather, the court reasoned, the information could have been secured "in many ways; that is, [the reporter] might ... have learned of [the information] from another person; ... he might have listened to a recording [of the statement]; or the story might have been telephoned to his newspaper and rewritten by someone else under his byline." *Id.* Thus, questions to a newsreporter as to whether statements attributed to a source in a news article were actually made by the source violate California's shield law protections.

In 1999, the California Supreme Court solidly reaffirmed the strength of the shield in *Miller v. Superior Court, supra,* ruling that a *prosecutor's* desire or need for evidence under article I, section 29 of the California Constitution cannot overcome the constitutional shield immunity. *Id.* at 898. The Court plainly held that the state constitutional provision giving the people "the right to due process of law" in criminal cases *does not conflict with or limit* journalist shield law protections, and thus the protection applies to all unpublished information sought by the prosecutor, whether confidential or not. *Id.* at 843 (also noting the prosecution's right to due process "has not been recognized to encompass the breach of established evidentiary privileges and immunities" in other jurisdictions as well).

Thus, California's Constitution is clear that no journalist covered by the Shield Immunity has to testify to or produce any unpublished information, which encompasses all information other than the broadcast.

2.    **Code of Civil Procedure Section 1986.1 Also Protects Newsreporters**

In 2000, California's Legislature added section 1986.1 to California's Code of Civil Procedure to underscore the importance of constitutional protections afforded journalists and to require courts to make the following findings for holding any journalist in contempt:

> (c) If a trial court holds a journalist in contempt of court in a
> criminal proceedings notwithstanding subdivision (b) of Section 2
> of Article I of the California Constitution, the court shall set forth
> findings, either in writing or on the record, stating at a minimum,
> *why the information will be of material assistance* to the party
> seeking the evidence, and *why alternate sources of the*
> *information are not sufficient to satisfy the defendant's right to a*

EXHIBIT D

# SheppardMullin

Melissa Holmes, Esq.
December 4, 2016
Page 4

> *fair trial* under the Sixth Amendment to the United States
> Constitution and Section 15 of Article I of the California
> Constitution.  (Emphasis added.)

This provision was added to prevent the press from being made an investigative arm of the state or private litigants unnecessarily.  *See Delaney, supra,* 50 Cal. 3d at 821 ("Because journalists not only gather a great deal of information, but publicly identify themselves as possessing it, they are especially prone to be called upon by litigants seeking to minimize the costs of obtaining needed information."); *Miller, supra,* 89 Cal. Rptr. 2d at 821 (noting "[t]he threat sources will be reluctant to talk to the press if they believe they are effectively talking to law enforcement officials, especially if the information is confidential; further noting the press will lose credibility as an independent and objective source of information if associated with the state).

3.    **California's Shield Immunity Applies To Davis**

    a.    **The Plain Language of California's Shield Immunity Shows It Applies To Davis**

Article I, section 2(b) of the California Constitution makes clear it applies to Davis and the subpoena you have issued.  Based on the California Shield Immunity, Davis hereby refuses to testify regarding production or publication of the news story or to produce the records requested which are "unpublished information."

Because California's constitutional immunity for journalists provides substantive protections for journalists, it applies in federal court cases, as well as state court cases.  Article I, section 2(b) immunities can be overcome only where a criminal defendant demonstrates that nondisclosure of the information requested would deprive him of his federal constitutional right to a fair trial.  *Delaney,* 50 Cal. 3d at 809; *Miller, supra, passim.*  In order to meet this burden, a criminal defendant must show there is a *reasonable possibility* the information requested will *materially assist his defense. Id.*  Competent evidence, not mere speculation, is required to meet this burden.  *Id.*  Moreover, the evidence must be *material,* not merely relevant, to the defense.  Only where this threshold burden is met can the court then engage in balancing the importance of protecting the unpublished information and the rights guaranteed under the shield law against the defendant's right to a fair trial.  *Delaney,* 50 Cal. 3d at 809.

If permitted to balance these conflicting interests, a court must consider the following factors:  (1) whether the information is confidential or sensitive; (2) the interests sought to be protected by the shield law (*e.g.,* whether disclosure would unduly restrict the journalists' access to future sources and information, especially given that the primary purpose of the shield law is to protect newsgathering); (3) the importance of the information to the defendant, *i.e.,* is the evidence dispositive or sufficiently material to require disclosure; and (4) the practicality of obtaining such information from an alternative source.  *Delaney, supra,* 50 Cal. 3d at 810-813.  Finally, where the information is confidential or sensitive, an *in camera* hearing must be held. *Id.*

EXHIBIT D

# SheppardMullin

Melissa Holmes, Esq.
December 4, 2016
Page 5

Here, the subpoena can not meet the *Delaney* test as Davis's testimony and records are being sought in a civil case. This, in addition to the other factors, show the *Delaney* test cannot be met.

**4.    California's Shield Law Applies Here Pursuant to Federal Rule of Evidence 501 and Federal Common Law**

> **a.    Rule 501 Requires Recognition of the Reporter's Privilege Against Compelled Testimony Under Federal Common Law**

Davis has a further basis to refuse to testify, under federal common law and California's shield law, as applicable in federal court via Federal Rules of Evidence Rule 501.

Rule 501 holds that in federal question cases privileges "shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience." It applies with equal force in civil cases, criminal cases and grand jury proceedings. *See* Fed. R. Evid. 1101. The United States Supreme Court's guidance in *Jaffee v. Redmond*, 518 U.S. 1 (1996), compels recognition of a reporter's privilege under Federal Rule of Evidence 501, separate from the privilege recognized under First Amendment jurisprudence. *See In re Grand Jury Subpoena to Judith Miller*, 438 F.3d 1141 at 1170-72 (D.C. Cir. 2005) (Tatel, J., concurring) (applying *Jaffee* to find the existence of a common-law reporters' privilege); *see also New York Times Co. v. Gonzales*, 459 F.3d 160, 181 (2d Cir. 2006) (Sack, J., dissenting) ("I have no doubt that there has been developed in [the last] thirty-four years federal common-law protection for journalists' sources under [Rule 501] as interpreted by *Jaffee*."). Rule 501 expressly empowers the federal courts to recognize and elucidate privileges "in the light of reason and experience." Fed. R. Evid. 501.

In *Jaffee*, in the absence of any federal legislation, the Supreme Court recognized a federal psychotherapist-patient privilege. In concluding that Rule 501 compelled recognition of such a privilege, the Court identified three factors: 1) whether important private and public interests would be served by recognition of the privilege; 2) whether the evidentiary cost of recognizing the privilege was likely to be modest; and 3) whether similar protections were afforded by the states.

Here, the first factor is plainly satisfied, for reasons well-stated by the Ninth Circuit in *Bursey v. United States*:

> The First Amendment interests in this case are not confined to the personal rights of [the journalists]. Although their rights do not rest lightly in the balance, far weightier than they are the public interests in First Amendment freedoms that stand or fall with the rights that these witnesses advance for themselves. . . The larger purpose was to protect public access to information....

EXHIBIT D

**Sheppard**Mullin

Melissa Holmes, Esq.
December 4, 2016
Page 6

*Bursey*, 466 F.2d 1059, 1083-84 (9th Cir. 1972) (citations omitted) (overruled on other grounds by *In re Grand Jury Proceedings* 863 F.2d 667, 670 (9th Cir. 1988); *see also Shoen I*, F.3d at 1292; *Riley v. City of Chester*, 612 F.2d 708, 714 (3d Cir. 1979) (recognizing reporter's privilege under Rule 501 in part because "[a] journalist's inability to protect the confidentiality of sources . . . will . . . seriously erode the essential role played by the press in the dissemination of information . . . to the public").

Thus, just as the Supreme Court concluded in *Jaffee* that the psychotherapist-patient privilege serves "[t]he mental health of our citizenry"—"a public good of transcendent importance" (518 U.S. at 11)—the reporter's privilege serves the political, economic and social health of our citizenry by allowing the public to make informed decisions.

The second factor identified in *Jaffee* is also satisfied:  The important interests served by the reporter's privilege outweigh any evidentiary costs.  This is true because, without a privilege, sources will be much less likely to provide information to the press that prosecutors and/or litigants will be interested in discovering.  *Jaffee*, 518 U.S. at 11-12.

The third *Jaffee* factor looks to whether there is a consensus among the states in favor of recognizing the privilege.  An overwhelming consensus exists today about the reporter's privilege.  Shield laws have been adopted in 40 states, and the District of Columbia.  *See* http://www.rcfp.org/browse-media-law-resources/news-media-law/news-media-law-summer-2011/number-states-shield-law-climbs.

A final factor in determining whether a reporter's privilege should be recognized under Rule 501 is the treatment afforded reporters under the law of California.  *See, e.g., Tennenbalm v. Deloitte & Touche*, 77 F.3d 337, 340 (9th Cir. 1996) (in determining federal law of privilege, court "may also look to state privilege law — here, California's — if it is enlightening").

California's shield law "protects a newsperson from being adjudged in contempt for refusing to disclose either: (1) unpublished information, or (2) the source of information, whether published or unpublished."  *Delaney v. Superior Court*, 50 Cal. 3d 785, 805 (Cal. 1990); *Miller v. Superior Court*, 21 Cal. 4th 883 (1990); *Fost v. Superior Court*, 80 Cal.App.4th 724, 730 (2000) (citation omitted); Cal. Const. art. 1, § 2(b); *see also* Cal. Evid. Code § 1070.  "The shield law is, by its own terms, absolute rather than qualified in immunizing a newsperson from contempt for revealing unpublished information obtained in the newsgathering process."  *Miller v. Superior Court*, 21 Cal. 4th 883, 890 (1999) (emphasis in original).

Courts have also held that California's constitutional shield laws (the "Shield Law") "protects all unpublished information, even information that 'could or would confirm or amplify the published information or information derived therefrom."  *McGarry v. University of San Diego*, 154 Cal.App.4th 97 (2007).

EXHIBIT D

## SheppardMullin

Melissa Holmes, Esq.
December 4, 2016
Page 7

Moreover, courts have underscored that even published information may not be compelled from a reporter where a party will be deprived of cross-examination with respect to related, unpublished information by the California shield law. *Fost v. Superior Court*, 80 Cal.App.4th at p. 728. Where a witness refuses to submit to cross-examination, the "conventional remedy" is to exclude the testimony. *Id.* at pp. 734-737.

5.    **Davis Is Entitled to First Amendment Protection As Well**

The First Amendment to the United States Constitution provides *supplemental protection* to California's Shield Immunity. The party seeking the information has the burden to show that the information sought is: (1) unavailable despite exhaustion of all reasonable alternative sources; (2) noncumulative; and (3) clearly relevant to an important issue in the case. (*Shoen v. Shoen*, 48 F.3d 412, 415 (9th Cir. 1995).) As in *Shoen, supra*, this test cannot be met in this case, for the same reasons the *Delaney* test cannot be met, and because Davis's testimony and sources would be cumulative of other sources from which the information sought can be obtained.

6.    **Conclusion**

For the reasons set forth, Davis requests that the subpoena be immediately withdrawn. If the subpoena is not withdrawn, you will need to bring a motion to compel Davis' deposition. Davis reserves her right to request her attorneys' fees and costs as a sanction in light of the law set forth above.

Please also be aware she has been suffering from significant health complications. As we discussed, you will accommodate her illness if the court grants your motion to compel.

Thank you for you anticipated cooperation.

Very truly yours,

Guylyn R. Cummins
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

SMRH:484861288.1
Enclosure

cc:

EXHIBIT D

EXHIBIT "E"



# County of San Diego

**THOMAS E. MONTGOMERY**
COUNTY COUNSEL

OFFICE OF COUNTY COUNSEL
1600 PACIFIC HIGHWAY, ROOM 355, SAN DIEGO, CA 92101
(619) 531-4860   Fax (619) 531-6005

**MELISSA M. HOLMES**
Senior Deputy County Counsel
Direct Dial: (619) 531-5836
E-Mail: melissa.holmes@sdcounty.ca.gov

December 6, 2017

Guylyn R. Cummins                                    VIA E-MAIL & U.S. MAIL
Matthew Halgren
501 West Broadway, 19th Floor
San Diego, California 92101-3598
gcummins@sheppardmullin.com
mhalgren@sheppardmullin.com

     Re: Chassidy NeSmith, et al. v. County of San Diego, et al.
       U.S.D.C. Case No. 15cv0629-JLS (JMA)

Dear Ms. Cummins,

     I am writing in response to your letter sent via email on Monday, December 4, 2017 at 4:44 p.m. As we discussed during our telephone conference on that day, it is Defendant's position that the subpoena is lawful in light of the allegations in Plaintiff's complaint relying on Ms. Kelly's articles as well as her communications with Plaintiffs' counsel. Thus, Defendant will not be withdrawing the subpoena.

     Based on the statements in your letter that a motion to compel will be necessary if Defendant does not withdraw the subpoena, I have notified the court reporter and Plaintiffs' counsel that the deposition will not be going forward on Monday, December 11, 2017 as noticed.

     Per the Court's Local Rule 26.1(a), we need to set up an in person meet and confer conference before filing a motion to compel. I am available to come to your office for the conference at the following times: December 8, 2017 at 10:30 a.m.; December 11, 2017 at 8:30 a.m.; or December 12, 2017 anytime between 8:30 a.m. and 4:00 p.m. If you would prefer, we can meet at my office.

     //

     //

EXHIBIT E

-2-                                    December 6, 2017

      I have also attached a copy of the operative complaint in this case.  Paragraphs 70 through 85 involve Plaintiffs' reliance on Ms. Davis' reporting.

                      Very truly yours,

                      THOMAS E. MONTGOMERY, County Counsel

                    By

MMH:at                     MELISSA M. HOLMES, Senior Deputy
cc#15-90156
CC: Danielle Pena and Chris Morris *via e-mail only*

EXHIBIT E

EXHIBIT "F"

1  THOMAS E. MONTGOMERY, County Counsel
   County of San Diego
2  By RICKY R. SANCHEZ, Senior Deputy (SBN 107559)
      MELISSA M. HOLMES, Senior Deputy (SBN 220961)
3     FERNANDO KISH, Senior Deputy (SBN 236961)
      ROBERT A. ORTIZ, Senior Deputy (SBN 246849)
4  1600 Pacific Highway, Room 355
   San Diego, California 92101-2469
5  Telephone: (619) 531- 4860

6  Attorneys for Defendant County of San Diego

7

8              IN THE UNITED STATES DISTRICT COURT

9          FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10
   CHASSIDY NeSMITH, individually and as      ) No. 15cv00629-JLS (AGS)
11 Guardian ad Litem on behalf of SKYLER      )
   KRISTOPHER SCOTT NeSMITH, and as           ) [PROPOSED] ORDER AND
12 Successor in Interest to THE ESTATE OF      ) STIPULATION TO EXLCUDE
   KRISTOPHER SCOTT NeSMITH,                   ) TESTIMONY AND EVIDENCE RE
13                                              ) KELLY DAVIS ARTICLES AND
         Plaintiffs,                            ) RESEARCH
14                                              )
         v.                                     )
15                                              ) Courtroom: 4A
   COUNTY OF SAN DIEGO, SAN DIEGO              ) Hon. Janis L. Sammartino
16 COUNTY SHERIFF'S DEPARTMENT;                )
   WILLIAM D. GORE; SAN DIEGO                  )
17 COUNTY SHERIFF; VISTA DETENTION             )
   FACILITY; and DOES 1 – 100 inclusive,       )
18                                              )
         Defendants.                            )
19 _____

20       It is hereby stipulated by the parties that:

21       1.     The reporter Kelly Davis will be precluded from providing testimony
22
23 (written or oral) in the above captioned matter;

24       2.     Any publications (including but not limited to newspaper and online articles,
25
   op/eds, tweets, blog posts, interviews or statements) by Kelly Davis or co-written by Kelly
26
27 Davis, or other publications that reference or relate to Kelly Davis' publications regarding

28

                              EXHIBIT F

1   suicide, mortality, or death rates in the County of San Diego jails shall not be admitted as

2   evidence or referred to for any purpose in this action; and

3           3.      Any research, notes, opinions, charts, or conclusions Kelly Davis made or

4

5   has regarding suicide, mortality or death rates in the County of San Diego jails (or other

6   publications or reports referencing Kelly Davis' research, notes, opinions, charts, or

7   conclusions) shall not be admitted as evidence or referred to for any purpose in this action.

8

9           IT IS SO STIPULATED

10

11  DATED: December___, 2017              MORRIS LAW FIRM, APC

12

13                                        By:     *Christopher Morris*
                                                  CHRISTOPHER MORRIS
14                                                DANIELLE PENA
                                          Attorneys for Plaintiffs Chassidy NeSmith,
15                                        Individually and as Guardian ad Litem on behalf of
                                          Skyler Kristopher Scott NeSmith, and and as
16                                        Successor in Interest to Kristopher Scott NeSmith

17  DATED: December 8, 2017               THOMAS E. MONTGOMERY, County Counsel

18

19                                        By:     *Melissa M. Holmes*
                                                  MELISSA M. HOLMES, Senior Deputy
20                                        Attorneys for Defendant County of San Diego

21

22  Per the stipulation of the parties, it is HEREBY ORDERED THAT:

23          1.      The reporter Kelly Davis will be precluded from providing testimony

24

25  (written or oral) in the above captioned matter;

26          2.      Any publications (including but not limited to newspaper and online articles,

27

28  op/eds, tweets, blog posts, interviews or statements) by Kelly Davis or co-written by

                                        2
                                   EXHIBIT F                    No. 15cv0629-JLS (AGS)

1  Kelly Davis, or other publications that reference or relate to Kelly Davis' publications

2  regarding suicide, mortality, or death rates in the County of San Diego jails shall not be

3  admitted as evidence or referred to for any purpose in this action; and

4

5      3.      Any research, notes, opinions, charts, or conclusions Kelly Davis made or

6  has regarding suicide, mortality or death rates in the County of San Diego jails (or other

7  publications or reports referencing Kelly Davis' research, notes, opinions, charts, or

8  conclusions) shall not be admitted as evidence or referred to for any purpose in this

9  action.

10

11  **IT IS SO ORDERED.**

12

13  Dated: _____, 2017    _____

14                                        Hon. Janis L. Sammartino

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT "G"

| | |
|---|---|
| **From:** | Holmes, Melissa |
| **To:** | Guylyn Cummins; Matthew Halgren |
| **Cc:** | Kimberly Parke; Dina Flores; Thell, Az; Katz, Alexa; Trujillo, Amy |
| **Subject:** | RE: Nesmith v. County of San Diego - Subpoena to Kelly Lynn Davis |
| **Date:** | Thursday, December 14, 2017 3:32:00 PM |
| **Attachments:** | Proposed Order and Stipulation to Exclude Testimony and Evidence Re Kelly Davis Articles and Research.final.pdf |

Ms. Cummins and Mr. Halgren:

Attached please find the proposed stipulation we discussed on Tuesday. If Plaintiffs' counsel is willing to sign the stipulation, there will be no need to depose your client. Per our discussion, Ms. Cummins said she would inquire with Plaintiffs' counsel as to whether the stipulation is amenable. In light of the deadline to file a motion to compel, please get back to me by Tuesday, December 19, 2017 as to whether the stipulation will work.

In the meantime, please do not hesitate to call me if you have any questions or concerns.

Melissa Maria Holmes, Senior Deputy
Office of County Counsel
1600 Pacific Highway, Room 355
San Diego, CA  92101-2469
Phone: (619) 531-5836; Fax: (619) 531-6005
E-Mail: melissa.holmes@sdcounty.ca.gov

CONFIDENTIALITY NOTICE: This email message, including any attachments, is for the sole use of the intended recipient(s) and may contain information protected by the attorney-client privilege, the attorney work product doctrine or other applicable privileges or confidentiality laws or regulations. If you are not an intended recipient, you may not review, use, copy, disclose or distribute this message or any of the information contained in this message to anyone. If you are not the intended recipient, please contact the sender by responding to this email and destroy all copies of this message and any attachments. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.

EXHIBIT G

# EXHIBIT "H"

**SheppardMullin**

Sheppard Mullin Richter & Hampton LLP
501 West Broadway, 19th Floor
San Diego, CA 92101-3598
619.338.6500 main
619.234.3815 main fax
www.sheppardmullin.com

619.338.6645 direct
gcummins@sheppardmullin.com

File Number: 0100-092355

December 19, 2017

Melissa M. Holmes
Senior Deputy
Office of County Counsel
1600 Pacific Highway, Room 355
San Diego, CA  92101

Re:    <u>Chassidy NeSmith, et al. v. County of San Diego, et al.</u>
       <u>Journalist Kelly Lynn Davis</u>

Dear Ms. Holmes:

We have communicated with Christopher Morris, counsel for plaintiffs in the action referenced above.  Mr. Morris is willing to agree to your stipulation provided that it includes the additional language in paragraph 2 reflected in the enclosed version of the stipulation.

The Ninth Circuit has explained that, under Federal Rule of Evidence 201(b), "[c]ourts may take judicial notice of publications introduced to indicate what was in the public realm at the time, not whether the contents of those articles were in fact true."  *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (internal quotation marks omitted).  Thus, the Ninth Circuit has taken judicial notice of newspaper articles for the purpose of showing that the public was on notice of the allegations or statements made in the articles, even while specifically holding that the allegations or statements could not be offered for the truth of the matters they asserted.  *Id.*

The enclosed stipulation provides for use of Ms. Davis's articles for purposes identical to those permitted under Federal Rule of Evidence 201(b).  The stipulation states that Ms. Davis's articles may not be used "except for the limited purpose of proving that the allegations made in the articles were in the public realm at the time of the articles' publication and not for the purpose of proving the truth of the allegations."  Under the stipulation, as you requested, all parties would be precluded from calling Ms. Davis to testify.

It would be impossible for Ms. Davis to provide any information in response to your subpoena that would change the fact that her articles were published and that their allegations were in the public realm.  If the parties enter into this stipulation, any information Ms. Davis could provide in response to your subpoena would be entirely irrelevant because the fact of publication and the concomitant public notice of the allegations stated in the articles would be the only issue for which the articles could be considered.  We therefore expect that you will agree to this version of the stipulation and will withdraw your subpoena.

EXHIBIT H

**SheppardMullin**

Melissa M. Holmes
December 19, 2017
Page 2

We also note that any information Ms. Davis could provide in response to your subpoena would be hearsay, and all information that she possesses regarding the matters discussed in her articles is available from alternate sources.  In particular, data on the number of deaths in county jail systems in California and when the deaths occurred, in which you seem to be particularly interested, are available from the jail systems themselves.

We are hereby confirming that, as we discussed during our meeting on December 12, 2017, in the event that you do not withdraw your subpoena and instead move to compel Ms. Davis's testimony, we will likely move for sanctions to recoup the cost of opposing the motion.  As we explained in our letter of December 4, 2017, Ms. Davis is entitled to the reporter's privilege against compelled testimony under both state and federal law.  Specifically, under California law, the constitutional immunity against any compelled testimony in a civil case is absolute.  We also reiterate that the journalist's interests against compelled testimony are especially strong in this case because Ms. Davis is suffering from severe health issues, and complying with your subpoena would be unduly burdensome in light of her recovery needs and treatment schedules.

Please let us know whether you agree to this stipulation.  We will be happy to address any questions or concerns you may have.

Very truly yours,

Guylyn R. Cummins
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

SMRH:485014700.1

EXHIBIT H

# EXHIBIT "I"

1 | THOMAS E. MONTGOMERY, County Counsel
County of San Diego
2 | By RICKY R. SANCHEZ, Senior Deputy (SBN 107559)
   MELISSA M. HOLMES, Senior Deputy (SBN 220961)
3 | FERNANDO KISH, Senior Deputy (SBN 236961)
   ROBERT A. ORTIZ, Senior Deputy (SBN 246849)
4 | 1600 Pacific Highway, Room 355 San Diego, California 92101-2469
Telephone: (619) 531-4860
5 |
Attorneys for Defendant
6 | County of San Diego

7 |

8 | **UNITED STATES DISTRICT COURT**

9 | **SOUTHERN DISTRICT OF CALIFORNIA**

10 | CHASSIDY NeSMITH, individually | No. 15cv00629-JLS (AGS)
   | and as Guardian ad Litem on behalf of |
11 | SKYLER KRISTOPHER SCOTT | [PROPOSED] ORDER AND
   | NeSMITH, and as Successor in Interest | STIPULATION TO EXCLUDE
12 | to THE ESTATE OF KRISTOPHER | TESTIMONY AND EVIDENCE RE
   | SCOTT NeSMITH, | KELLY DAVIS ARTICLES AND
13 | | RESEARCH
   | Plaintiffs, |
14 | | Courtroom: 4A
   | v. | Hon. Janis L. Sammartino
15 |
   | COUNTY OF SAN DIEGO, SAN
16 | DIEGO COUNTY SHERIFF'S
   | DEPARTMENT; WILLIAM D. GORE,
17 | SAN DIEGO COUNTY SHERIFF;
   | VISTA DETENTION FACILITY; and
18 | DOES 1 – 100 inclusive,

19 | Defendants.

20 |

21 | It is hereby stipulated by the parties that:

22 |     1.     The reporter Kelly Davis will be precluded from providing testimony

23 | (written or oral) in the above captioned matter;

24 |     2.     Any publications (including but not limited to newspaper and online

25 | articles, op/eds, tweets, blog posts, interviews or statements) by Kelly Davis or co-

26 | written by Kelly Davis, or other publications that reference or relate to Kelly Davis'

27 | publications regarding suicide, mortality, or death rates in the County of San Diego

28 | jails shall not be admitted as evidence or referred to for any purpose in this action

EXHIBIT 1

Case No. 15cv00629-JLS (AGS)
[PROPOSED] ORDER AND STIPULATION

1  except for the limited purpose of proving that the allegations made in the articles

2  were in the public realm at the time of the articles' publication and not for the

3  purpose of proving the truth of the allegations; and

4         3.      Any research, notes, opinions, charts, or conclusions Kelly Davis made

5  or has regarding suicide, mortality or death rates in the County of San Diego jails (or

6  other publications or reports referencing Kelly Davis' research, notes, opinions,

7  charts, or conclusions) shall not be admitted as evidence or referred to for any

8  purpose in this action.

9         IT IS SO STIPULATED

10

11  DATED: December ___, 2017          MORRIS LAW FIRM, APC

12

13                                      By·  *Christopher Morris*
                                        CHRISTOPHER MORRIS
14                                      DANIELLE PENA
                                        Attorneys for Plaintiffs Chassidy NeSmith,
15                                      Individually and as Guardian ad Litem on behalf
                                        of Skyler Kristopher Scott NeSmith, and and as
16                                      Successor in Interest to Kristopher Scott
                                        NeSmith
17

18  DATED: December ___, 2017          THOMAS E. MONTGOMERY, County
                                        Counsel
19

20                                      By:  *Melissa M. Holmes*
                                        MELISSA M. HOLMES, Senior Deputy
21                                      Attorneys for Defendant County of San Diego

22

23  Per the stipulation of the parties, it is HEREBY ORDERED THAT:

24         1.      The reporter Kelly Davis will be precluded from providing testimony

25  (written or oral) in the above captioned matter;

26         2.      Any publications (including but not limited to newspaper and online

27  articles, op/eds, tweets, blog posts, interviews or statements) by Kelly Davis or co-

28  written by Kelly Davis, or other publications that reference or relate to Kelly Davis'

EXHIBIT 2-

SMRH 485013961 1

Case No. 15cv00629-JLS (AGS)
[PROPOSED] ORDER AND STIPULATION

1  publications regarding suicide, mortality, or death rates in the County of San Diego
2  jails shall not be admitted as evidence or referred to for any purpose in this action
3  except for the limited purpose of proving that the allegations made in the articles
4  were in the public realm at the time of the articles' publication and not for the
5  purpose of proving the truth of the allegations; and
6       3.    Any research, notes, opinions, charts, or conclusions Kelly Davis made
7  or has regarding suicide, mortality or death rates in the County of San Diego jails (or
8  other publications or reports referencing Kelly Davis' research, notes, opinions,
9  charts, or conclusions) shall not be admitted as evidence or referred to for any
10 purpose in this action.
11      **IT IS SO ORDERED.**
12
13 Dated: _____, 2017    _____
14                                Hon. Janis L. Sammartino
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT 1