| | |
|---|---|
| 1 | Christopher S. Morris, Esq., SBN 163188 |
| | cmorris@morrislawfirmapc.com |
| 2 | Danielle R. Pena, Esq., SBN 286002 |
| | dpena@morrislawfirmapc.com |
| 3 | MORRIS LAW FIRM, APC |
| | 501 West Broadway, Suite 1480 |
| 4 | San Diego, CA 92101 |
| | Telephone:  (619) 826-8060 |
| 5 | Facsimile:  (619) 826-8065 |
| 6 | Attorneys for Plaintiff |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASSIDY NeSMITH, individually and as Guardian ad Litem on behalf of SKYLER KRISTOPHER SCOTT NeSMITH, and as Successor in Interest to KRISTOPHER SCOTT NeSMITH,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO; WILLIAM D. GORE, individually; and DOES 1-100, inclusive,<br><br>Defendants. | Case No. 15-cv-0629-JLS (JMA)<br><br>**DECLARATION OF DANIELLE R. PENA IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT COUNTY OF SAN DIEGO'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date:         May 31, 2018<br>Time:         1:30 p.m.<br>Courtroom: 4D<br>Judge:        Janis L. Sammartino |

1

I, Danielle R. Pena, have personal knowledge of and competent to testify to the following:

1. I am an associate of Morris Law Firm, APC, attorneys for the Plaintiff. I have personal knowledge of each of the facts and statements set forth herein and I could and would competently testify thereto if called to do so.

2. I am one of the attorneys of record for Plaintiffs Chassidy NeSmith, individually and as Guardian ad Litem on behalf of Skyler Kristopher Scott NeSmith, and as Successor in Interest to Kristopher Scott NeSmith.

3. This declaration is submitted in support of Plaintiff's opposition to County of San Diego's motion for summary judgment.

4. On December 8, 2017, Plaintiff served an NOD requesting Rule 30 witnesses regarding the county's suicide prevention program and officials involved in the public response to the county's s publically-known suicide-related issues. Parties met and conferred for nearly two months regarding categories of testimony and documents. During those conversations, Senior Deputy Melissa Holmes represented her intent was to produce related communications. At the last minute, Senior Deputy Melissa Holmes requested that I amend the NOD to reflect the categories and documents that were agreed to during meet and confer discussions. Plaintiff obliged. When the county received the amended NOD, it objected based on untimeliness as discovery cutoff had passed by one day in regards to the document production. (See Dkt.#76)

5. The depositions went forward without documents. However, as agreed by both parties, one of the specific categories of *testimony* included documents (i.e., communications) related to suicide concerns and *CityBeat* publications. County attorneys intentionally failed to instruct or direct either Rule 30 witnesses to review the at-issue communications. As a result, Plaintiff failed to illicit any testimony regarding communications amongst top officials about the county's suicide issues because the witnesses were not directed to review such material.

6. Plaintiff was left with no other option but to file a motion compelling production of the Rule 30 documents. On March 2, 2108, Judge Schopler ordered the county to produce the communications by March 9, 2018. The county defied the Court's Order and produced a second objection. Plaintiff attempted to meet and confer further, but the county remained silent.

7. Then, over a telephonic call with Judge Schopler, the county represented it would produce documents but has repeatedly refused to meaningfully meet and confer since. To date, the county has not produced a single communication nor has it agreed to do so. These communications are the only way Plaintiff can prove the county <u>admitted</u> to having suicide-related deficiencies.

8. When Plaintiff requested past suicide investigations in May of 2017 the county fought - for seven months - before it finally produced documents. During meet and confer discussions, the county refused to produce documents unless the scope was limited to two years and unless all personal-identifying information remained unknown and redacted. The county also refused to produce medical records associated with the inmates that committed suicide in 2012 and 2013. As such, Plaintiff can only rely on the investigations to prove a pattern of similar conduct, as conducting interviews and depositions was impossible without identifying information.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

9. When reviewing the 2012 and 2013 suicide investigations, in support of this opposition, I noticed for the first time investigations related to the first suicide in 2012 were omitted. Despite repeated requests to supplement its production, the county refused and only produced six of the seven suicide investigation reports for those two years.

I declare under the laws of the United States of America that the foregoing are true and correct. I sign this declaration under penalty of perjury.

Executed this 9th day of April, 2018, at San Diego, California.

*s/ Danielle R. Pena*
Danielle R. Pena

4

DEC IN OPPOSITION TO COUNTY OF SAN DIEGO'S MOTION FOR SUMMARY JUDGMENT   CASE NO. 15-CV-0629-JLS (JMA)