UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASSIDY NeSMITH, individually and as Guardian ad Litem on behalf of SKYLER KRISTOPHER SCOTT NeSMITH, and as Successor in Interest to KRISTOPHER SCOTT NeSMITH, <br><br> Plaintiff, <br><br> v. <br><br> COUNTY OF SAN DIEGO; WILLIAM D. GORE, individually; and DOES 1–100, inclusive, <br><br> Defendants. | Case No.: 15-CV-629 JLS (AGS) <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT** <br><br> (ECF No. 58) |

Presently before the Court is Plaintiff Chassidy NeSmith's Motion for Leave to File Third Amended Complaint, ("MTN," ECF No. 58). Also before the Court is Defendant County of San Diego's Opposition to Plaintiff's Motion, ("Opp'n," ECF No. 84), and Plaintiff's Reply in Support of the Motion, ("Reply," ECF No. 86). Plaintiff seeks to (1) modify the scheduling order to amend her Complaint, and (2) substitute the names of two Doe Defendants with the names of two deputies.

## BACKGROUND

On March 1, 2014, Kristopher NeSmith ("Mr. NeSmith") committed suicide while incarcerated at the Vista Detention Facility in Upper West Module 1. At some point after

the 6 a.m. security check and before the 7 a.m. security check, Mr. NeSmith used a rope fashioned out of cloth material affixed to the light fixture on the ceiling of his cell to take his own life. Plaintiff filed her Complaint on March 20, 2015 under 42 U.S.C. § 1983.

One year after Mr. NeSmith's suicide, Richard Berumen ("Mr. Berumen"), "an inmate who was housed in the same module as Mr. NeSmith, reported that the night before the suicide, an unidentified deputy allegedly saw the rope affixed to light, asked Mr. NeSmith if he was going to use the rope to commit suicide, and then walked away without addressing the security concern." (Opp'n 2.)[1] Mr. Berumen did not know the identity of the deputy.

In 2017, the Parties attended an Early Neutral Evaluation and soon afterwards, Plaintiff began propounding discovery. (MTN 9.) In discovery, Plaintiff was unable to "narrow down which deputy saw the noose." (*Id*.) On October 5, 2017, the parties deposed Mr. Beruman, who could not identify the deputy who he stated saw the noose. (*Id*.)

In her Motion, Plaintiff originally sought leave to amend her Complaint to add as defendants Deputies Christopher Olsen, Patrick Newlander, and James Dailly, alleging they were the three deputies working the nightshift on the night/morning of Mr. NeSmith's suicide. (*Id*. at 6.) Plaintiff states she learned the names of these deputies on July 11, 2017. (*Id*.) Due to "calendar conflicts" of both Parties, Plaintiff did not depose Deputy Dailly until December 5, 2017, and he testified he could not recall the events of that night. (*Id*. at 7, 10.) Plaintiff feared Deputies Olsen and Newlander would testify the same and "decided to name the three deputies and let [Mr. Berumen] identify the culpable deputy at trial." (*Id*.) After filing the Motion, Plaintiff deposed Olsen and Newlander. In her Reply brief, Plaintiff amends her request and states she will only pursue claims against Deputy Newlander and Deputy Olsen.[2] Thus, the Court evaluates Plaintiff's request to amend the scheduling order and file a third amended complaint that will allege new claims against

---

[1] Pin citations refer to the CM/ECF page numbers electronically stamped at the top of each page.
[2] Plaintiff also previously sought to amend her complaint to add Detective Andy Julian and Dr. Robert Enriquez. Plaintiff now states she will not be pursuing claims against these two individuals. (Reply 2.)

these two deputies only.

# LEGAL STANDARD

## I. Modification of Scheduling Order

Federal Rule of Civil Procedure 16(b) provides that the district court must issue a scheduling order that limits the time to join other parties, amend the pleadings, complete discovery, and file motions. Once in place, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" requirement of Rule 16 primarily considers the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* (internal citation and quotation marks omitted).

Good cause may be found to exist where the moving party shows, for example, that it: (1) is unable to comply with the deadlines contained in the scheduling order due to issues not reasonably foreseeable at the time of the scheduling order; or (2) was diligent in seeking an amendment once the party reasonably knew that it could not comply with the scheduling order. "If [the] party was not diligent, the inquiry should end." *Id*.

If the Court finds that there is good cause to modify the schedule, the Court then turns to Rule 15(a) to determine whether the amendment sought should be granted. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999) ("As the Ninth Circuit explained in [*Johnson*], once the district court has filed a pretrial scheduling order pursuant to Rule 16 which establishes a timetable for amending pleadings, a motion seeking to amend pleadings is governed first by Rule 16(b), and only secondarily by Rule 15(a).").

## II. Amendment of Complaint

Under Federal Rule of Civil Procedure 15(a), a plaintiff may amend his complaint once as a matter of course within specified time limits. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R.

Civ. P. 15 (a)(2).

While courts exercise broad discretion in deciding whether to allow amendment, they have generally adopted a liberal policy. *See United States ex rel. Ehmcke Sheet Metal Works v. Wausau Ins. Cos.*, 755 F. Supp. 906, 908 (E.D. Cal. 1991) (citing *Jordan v. Cnty. of Los Angeles*, 669 F.2d 1311, 1324 (9th Cir.), *rev'd on other grounds*, 459 U.S. 810 (1982)). Accordingly, leave is generally granted unless the court harbors concerns "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The non-moving party bears the burden of showing why leave to amend should not be granted. *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530–31 (N.D. Cal. 1989).

**ANALYSIS**

Plaintiff seeks leave to substitute the true name of two previously unnamed Doe Defendants, Deputies Newlander and Olsen. (Reply 2.)

**I.    Modification of the Scheduling Order Under Rule 16**

Plaintiff argues good cause exists to modify the scheduling order to name defendants. (*Id.* at 7.) The Scheduling Order set August 11, 2017 as the deadline to amend pleadings. (ECF No. 40.) Plaintiff filed the present motion on January 4, 2018.

Plaintiff argues she was diligent in obtaining the names of the two deputies. Plaintiff states she was "informed early in the litigation that an unknown deputy saw Kris' noose hanging from the light fixture and made no attempts to remove the contraband or have Kris evaluated by a mental health professional." (MTN 9.) Plaintiff claims she engaged in discovery soon after the ENE and the County produced documents showing three deputies were on duty the night of Kris's suicide. (*Id.*) Plaintiff deposed Mr. Berumen and Deputy Dailly, neither of whom could identify the "culpable deputy." (*Id.* at 9–10.) Plaintiff "concluded it would be prudent to name the three deputies now rather than wait for their testimony given the likelihood that each deputy defendant would be unable to recall the

night of Kris' death." (*Id.* at 10.) After filing the Motion, Plaintiff took Deputy Newlander's deposition and now alleges she learned that Deputy Newlander saw the noose in Mr. NeSmith's cell. (Reply 2.) Plaintiff also alleges Deputy Olsen performed cell checks "leading up to the discovery of Mr. NeSmith." (*Id.* at 3.)

Defendant argues Plaintiff requested discovery requesting a roster of the deputies responsible for conducting security checks on February 8, 2014 and March 1, 2014, but did not request the names of the deputies conducing checks on the night before the suicide. (Opp'n 4–5.) Defendant states it responded to Plaintiff's discovery on July 7, 2017 and identified the deputies who were working the shift before the suicide. (*Id.* at 5.) Defendant states Plaintiffs then waited until October 2, 2017 to send more discovery "requesting the identity of the deputies who worked the shift immediately before Mr. NeSmith's suicide and requesting the names of the treating medical professionals." (*Id.*) Defendant states Plaintiff's counsel met with Mr. Beruman twice in 2015 but did not request to take his deposition and the County requested the deposition in August 2017. (*Id.* at 5–6.) Defendant states Plaintiff then waited until September 29, 2017 to request the deposition of Deputy Dailly, requesting it take place in "late October/November/December." (*Id.* at 6.) Defendant also argues it would be futile to include Deputy Olsen because he testified he did not recall seeing a noose and it was his practice to remove one if he had seen it. (*Id.* at 10.) Defendant also argues the deputies are entitled to qualified immunity. (*Id.*)

First, as to Defendant's futility argument, "a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Courts ordinarily do not consider the validity of a proposed amended pleading in deciding whether to grant leave to amend, and instead defer consideration of challenges to the merits of a proposed amendment until after leave to amend is granted and the amended pleadings are filed. *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003) (citation omitted); *accord Green Valley Corp. v. Caldo Oil Co.*, No. 09cv4028-LHK, 2011 WL 1465883, at *6 (N.D. Cal. Apr. 18, 2011) (noting "the general

preference against denying a motion for leave to amend based on futility"). Arguments concerning the sufficiency of the proposed pleadings, even if meritorious, are better left for briefing on a motion to dismiss. *Lillis v. Apria Healthcare*, No. 12cv52-IEG (KSC), 2012 WL 4760908, at * 1 (S.D. Cal. Oct. 5, 2012). The Court declines to turn Defendant's opposition into a motion to dismiss and assess the merits of the allegations against the two deputies in this order. The Court does not analyze futility here.

In interpreting the "good cause" requirement under Rule 16(b), the Court considers, primarily, "the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. The scheduling order may be modified "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* (internal quotations and citations omitted). The Court finds Plaintiff has been sufficiently diligent in her attempt to ascertain the names of the deputies and in her request to amend the scheduling order. Although there are short gaps of time noted by Defendant where Plaintiff could have been engaging in more discovery, the Court finds Plaintiff has proven sufficient diligence. And, the Court agrees with Plaintiff's argument that although she knew the names of the deputies working the night of the suicide and could have named all of them before the August 11, 2017 deadline, she did not want to name every one of these deputies until she had more information as to which deputy saw the noose. (Reply 2.)

As a secondary consideration, the Court considers the degree of prejudice to the opposing party. *Johnson*, 975 F.2d at 609. "A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint." *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). The Court finds the degree of prejudice to Defendant to be small. It is clear that Defendant has been on notice since Plaintiff filed her complaint that she has always intended to name deputies as defendants. (*See* ECF No. 1, ¶ 11.) The Court understands Defendant's argument that these deputies will be entitled to file dispositive motions and may need to engage in discovery, and that this will delay proceedings. But, these deputies have already been deposed, and the Court finds any further delay does not

negate the finding of good cause and diligence that allows Plaintiff to amend the scheduling order.

**II.  Amendment Under Rule 15(a)**

Defendant does not allege bad faith on the part of Plaintiff, only arguing it will be prejudiced if Plaintiff is permitted to amend her Complaint.  There must be clear prejudice to overcome the strong Rule 15 policy supporting liberal amendment.  *See Hurn v. Ret. Fund Tr. of Plumbing, Heating & Piping Indus. of S. Cal.*, 648 F.2d 1252, 1254 (9th Cir. 1981) ("Bald assertions of prejudice cannot overcome the strong policy reflected in Rule 15(a) to facilitate a proper disposition on the merits." (internal quotations omitted)); *see also United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016).  In *United Healthcare*, the Ninth Circuit found no prejudice because the litigation was in the early stage, no new legal theory was being asserted, and the proposed amendment was the plaintiff's first attempt to cure deficiencies in the complaint.  848 F.3d at 1184.

As noted above, the Court finds the degree of prejudice is small.  Further, although Plaintiff has twice amended her Complaint, this is the first amendment that adds parties.  Finally, there is no new legal theory; Plaintiff has all along asserted claims against the Doe Defendants who were understood to be unnamed officers.  The amendment merely substitutes in the deputies.  The Court finds the liberal pleading rules allow Plaintiff to amend her Complaint to add the two deputies.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion.  Plaintiff **SHALL** file her Third Amended Complaint within ten (10) days of the electronic docketing of this Order.

**IT IS SO ORDERED.**

Dated:  April 23, 2018

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge