UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Chassidy NESMITH, individually and as guardian ad litem on behalf of S.N., <br><br>                                    Plaintiffs, <br><br> v. <br><br> COUNTY OF SAN DIEGO, et al., <br><br>                                    Defendants. | Case No.:  15-cv-0629-JLS-AGS <br><br> **ORDER REQUIRING ADDITIONAL BRIEFING CONCERNING THE MINOR'S COMPROMISE (ECF 227)** |

Plaintiffs seek an order approving a proposed settlement of S.N.'s claims against defendants County of San Diego, Patrick Newlander, and Christopher Olsen. Because the settlement serves the minor's best interests, the Court is inclined to recommend the motion be granted. But the current Trust document is not in compliance with this Court's Rules. So the parties must update the current agreement to be in compliance with the Local Rules or explain why they are exempt from those rules in order for this Court to recommend approval.

## BACKGROUND

This suit, alleging wrongful death and 42 U.S.C. § 1983 civil-rights violations, arises from Kristopher NeSmith's suicide while in custody. (*See generally* ECF 111.) His wife and child brought claims against San Diego County and correctional staff. (ECF 349, at 4.)

Plaintiffs allege that while Mr. NeSmith was held in a County custodial facility, the County was given multiple warnings of his suicidal nature. (*See* ECF 111, at 4-6.) Despite that, and despite seeing a rope tied to a light fixture in his cell shortly before he killed himself, defendants allegedly failed to protect NeSmith. (*Id.*) Plaintiffs agreed to settle their claims with defendants for a total sum of $250,000. (*See* ECF 227, at 5.)

The unopposed motion to approve the minor's compromise provides that S.N. will receive $50,000 of that amount. (*Id.* at 5.) The remainder will be split between Chassidy NeSmith ($50,000), costs ($60,770.14), and attorneys' fees ($89,229.86). Plaintiffs propose to disburse S.N.'s funds into a trust on S.N.'s behalf, with his mother Chassidy as trustee, which will be irrevocable until S.N. turns 18 at which time it will automatically revoke and all proceeds will be turned over to S.N. (*Id.*; *see also* ECF 227, at 10 (proposed trust agreement).)

After being provided an opportunity, neither defendants nor any third party has opposed this proposed settlement. (*See* ECF 229 (defendants' non-opposition).)

**DISCUSSION**

District courts have "a special duty" to "safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). In the settlement context, that duty requires the court to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Id.* (citations omitted). The Court is required to limit the scope of its review to "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minors' specific claim, and recovery in similar cases." *Id.* at 1182. "Most importantly, the district court should evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id.*

The Ninth Circuit limited this holding to cases "involving" minor's federal claims and did "not express a view on the proper approach for a federal court to use when sitting in diversity and approving the settlement of a minor's state law claims." *Id.* at 1179 n.2.

Because this case arises under federal law and the Court is exercising supplemental jurisdiction over the state-law claims, "the case 'involves' the settlement of [p]laintiffs' federal claims, [so] the Court applies the *Robidoux* standard to the entire settlement." *A.G.A. v. Cty. of Riverside*, No. EDCV1900077VAPSPX, 2019 WL 2871160, at *2 n.1 (C.D. Cal. Apr. 26, 2019).

After holding an Early Neutral Evaluation (*see* ECF 41) and several motion hearings (*see* ECF 66 & 109), the Court is very familiar with this case's facts and legal issues. Although plaintiffs have generally compelling claims, plaintiffs admit their best evidence against the correctional staff—that they allegedly saw a rope hanging in NeSmith's cell shortly before he killed himself—is reliant on the disputed testimony of a single inmate. (*See* ECF 227, at 3.) Plaintiffs also acknowledge the high burden of proving a pattern or practice of inappropriate response to suicidal inmates to make out their claims against the County directly. (*Id.*)

Plus, S.N.'s damages will be speculative and difficult for a jury to determine. At the time of his suicide, NeSmith was facing criminal charges that carried with them a potential for life in prison, reducing any future financial support he may have been able to provide for S.N. (*See id.*) And S.N. was born after NeSmith's suicide, meaning there is little evidence to guide a jury to determine how much love, companionship, or guidance NeSmith would've provided but for his death. (*See id.*) Finally, litigation is always uncertain, and so the Court is inclined to find that the proposed settlement is fair, reasonable, and in S.N.'s best interests.

S.N.'s recovery also appears reasonable considering those approved in similar cases. *See, e.g.*, *E.R. v. Cty. of Stanislaus*, No. 1:14-CV-00662-DAD-SKO, 2016 WL 3354334, at *3 (E.D. Cal. June 16, 2016) (approving a settlement of $19,000 net for each of three minor children following father's suicide while in custody), *report and recommendation adopted*, No. 1:14-CV-00662-DAD-SKO, 2016 WL 4011718 (E.D. Cal. July 26, 2016); *Armstrong v. Dossey*, No. 1:11-CV-01632-SKO, 2013 WL 4676541, at *1, *3 (E.D. Cal. Aug. 30, 2013) (approving a settlement of minors' excessive-force claims for $22,500 and

$11,000 respectively, following their father's death by police officers); *E.S. ex rel. Gonzalez v. City of Visalia*, No. 1:13-CV-1697-LJO-BAM, 2015 WL 6956837, at *1 (E.D. Cal. Nov. 3, 2015) (approving a settlement of a minor's claim for a net $130,444.83 in an action involving his father's fatal shooting by police), *report and recommendation adopted*, No. 1:13-CV-01697-LJO-BAM, 2015 WL 13215675 (E.D. Cal. Nov. 20, 2015); *Est. of Alderman v. City of Bakersfield*, No. 1:16-CV-00994-DAD-JLT, 2019 WL 827623, at *1 (E.D. Cal. Feb. 21, 2019) (approving a settlement of $22,862.07 for each of two minors following the fatal shooting of their father). In particular, the Court finds the *E.R. v. Cty. of Stanislaus* case—which has very similar facts to this case—persuasive. *See* 2016 WL 3354334, at *3. In any event, given the already-mentioned potential problems with both liability and damages, S.N.'s recovery being in the mid-to-high range of other approved settlements convinces this Court that it is fair and reasonable.

As to the disbursement method, Civil Local Rule 17.1(b)(1) requires that "money or property recovered by a minor or incompetent California resident by settlement or judgment must be paid and disbursed in accordance with California Probate Code Section 3600, et seq." California Probate Code section 3611(g) permits "that the remaining balance of the money and other property be paid or delivered to the trustee of a trust which is created by, or approved of, in the [settlement approval order]. This trust shall be revocable by the minor upon attaining the age of 18 years, and shall contain other terms and conditions, including, but not limited to, terms and conditions concerning trustee's accounts and trustee's bond, as the court determines to be necessary to protect the minor's interests." But the proposed trust instrument (ECF 227, at 10-13) does not satisfy the Local Rule requirement. Section 3611(g) requires that the trust be "revocable" at age 18 by the minor, but the document here automatically revokes the trust at age 18. (*See* ECF 227, at 10 ("When [S.N.] attains the age of eighteen, this trust shall terminate and the trust estate shall be distributed to him free of trust.").) S.N., upon turning 18, may decide he is insufficiently mature to handle the full corpus of the trust, and so, at his sole election, he

should be permitted to leave the assets in the managed trust so long as a willing trustee remains.

The Court is inclined to approve the settlement as fair and reasonable but would like additional briefing concerning the disbursement method before doing so. Thus, the Court **ORDERS** that, by April 8, 2022, the parties must file briefing: (1) stating that they have modified the trust document to make it revocable at 18 rather than automatically revoked or (2) explaining why they should be exempt from that requirement.

Dated: March 29, 2022

Hon. Andrew G. Schopler
United States Magistrate Judge